**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**AIRCRAFT SPECIALTIES, INCORPO-RATED, Respondent.**

No. 16514.

United States Court of Appeals Sixth Circuit.

May 13, 1966.

Bernard M. Dworski, Atty., N.L.R.B. Washington, D. C. (Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Nancy M. Sherman, Atty., N.L.R.B., Washington, D. C., on the brief), for petitioner.

Harry H. Meisner, Detroit, Mich. (Meisner & Meisner, Detroit, Mich., on the brief), for respondent.

Before CELEBREZZE, Circuit Judge, CECIL, Senior Circuit Judge, and BOYD*, District Judge.

PER CURIAM.

The National Labor Relations Board seeks to enforce its order issued against Respondent on September 18, 1964. The Board's decision and order are reported at 148 NLRB No. 121. The Board found that Respondent refused to bargain in good faith with the Union,[1] in violation of Section 8(a) (5) and (1) of the National Labor Relations Act, hereinafter referred to as the Act. The Board also found that by discharging employee Ray Hanchett for engaging in Union activity, Respondent violated Section 8(a) (3) and (1) of the Act.

Respondent is a small company engaged in the manufacture, sale and distribution of aircraft and automotive mechanics' hand service tools and related projects. The Union was certified as the bargaining representative of Respondent's production and maintenance employees on April 17, 1963, following a Board-conducted election. Thereafter, the parties spent nine months in attempting to negotiate a contract. In September, the Union and the Respondent reached an agreement on several issues. At this time, Respondent retained different

---

* Honorable Marion Speed Boyd, Chief Judge, United States District Court, W. D., Tenn., sitting by designation.

1. International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (UAW), AFL-CIO.

counsel who was authorized to continue bargaining for the Respondent. On October 17, 1963, all the remaining issues were resolved. The Respondent's attorney told the Union representative that he could speak for the Respondent, and that an agreement had been reached. On October 22, 1963, a written draft of the agreement was given to Respondent's attorney. This agreement was rejected by the Respondent. A final meeting was held on January 7, 1964. The Respondent refused to sign the agreement, and refused to recognize the Union as the representative of the Unit certified by the Board. On January 8, 1964, the Respondent announced a one hour reduction in the workweek, without giving prior notice to the Union.

On January 8, 1964, Ray Hanchett, one of the organizers of the Union, and a member of the Bargaining Committee, approached the plant superintendent, and called his attention to the fact that a supervisor was working on a production job. The plant superintendent immediately removed the supervisor. Within a few minutes the Company's principal executive officer and secretary treasurer, Zeta Shaw, came over to Hanchett's press and asked him who was running the shop. Mrs. Shaw told Hanchett neither he nor the Union was going to run her business. Mr. Hanchett explained that under the contract, the operation of a press was reserved for production employees. Mrs. Shaw replied, "you don't have a contract, and you're not going to have a contract". The next day Hanchett was discharged.

■ Based on the foregoing facts, we can only conclude that there was substantial evidence in the record to support the findings of the Board that the Respondent violated Section 8(a) (5) and (1) of the Act by refusing to sign an agreement embodying orally agreed upon terms, by refusing to recognize the Union as the representative of all employees in the Unit certified by the Board, and by unilaterally altering the hours of work, without notification to or consultation with the Union. See Standard Oil Co. v. National Labor Relations Board, 322 F.2d 40 (C.A. 6, 1963); National Labor Relations Board v. Wate, Inc., 310 F.2d 700 (C.A. 6, 1962); National Labor Relations Board v. Wooster Division of Borg-Warner Corp., 236 F.2d 898 (C.A. 6, 1956), aff'd 356 U.S. 342, 78 S.Ct. 718, 2 L.Ed.2d 823; McLean v. National Labor Relations Board, 333 F.2d 84 (C.A. 6, 1964); National Labor Relations Board v. Central Illinois Public Service Company, 324 F.2d 916 (C.A. 7, 1963), and Fibreboard Paper Products Corp. v. National Labor Relations Board, 379 U.S. 203, 85 S.Ct. 398, 13 L.Ed.2d 233.

■ We further conclude that there was substantial evidence to support the Board's finding that Hanchett was discharged because of his Union activities, in violation of Section 8(a) (3) and (1) of the Act.

The Order of the Board shall be enforced.